## 10629

### STATE v. BROWNING.

#### (108 S. E. 105)

1. CRIMINAL LAW—ORDER FOR NEW TRIAL REVERSED WHERE JUDGE NOT WITHIN PROHIBITED DEGREE OF RELATIONSHIP TO DECEASED.—Where an order granting new trial to defendant convicted of murder was made on the sole ground that the trial Judge was connected with deceased within six degrees by consanguinity or affinity, but under Civ. Cod. 1912, § 3555, subd. 6, the Judge was not within the sixth degree, but the seventh, the order must be reversed.

2. JURY—EXCUSE OF JUROR IN CAPITAL CASE FOR BUSINESS REASONS ERRONEOUS.—In a prosecution for murder, where the trial Court, over the objection of defendant, excused a juror solely for business reasons, defendant's peremptory challenges being exhausted before the jury was complete, there was no reversible error in such exercise of discretion by the Court.

Before RICE, J., Orangeburg, September term, 1919, and MAULDIN, J., Orangeburg, September term, 1920. The judgment of conviction affirmed, order granting new trial reversed.

James P. Browning was indicted for the murder of Laurie P. Fairey, and upon conviction appeals. Subsequently a motion for a new trial was made before Judge T. J. Mauldin and a new trial ordered. From this order the State appeals.

The order granting new trial, directed to be reported, follows:

This is a motion for a new trial, the defendant having been convicted of murder, with a recommendation to mercy, at the September, 1919, term of the Court of General Sessions in and for the county of Orangeburg.

The motion is based upon certain grounds, herewith attached and made a part of this record and marked "Exhibit A."

This matter turns mainly upon the alleged relationship between Mrs. Sophie Fairey, the mother of the deceased, and the Judge presiding at the trial, Hon. Hayne F. Rice.

It is admitted by the State that the mother of the deceased is related in the sixth degree to the Judge who tried the case and that the deceased was related within the seventh degree to the trial Judge.

I know that Judge Rice was not cognizant of this fact during the trial, and if he had been he would not have heard the case. It appears that the State was assisted in the prosecution of the case by Thomas M. Raysor, Esq., of the Orangeburg bar, but was employed by Mrs. Laurie D. Fairey, the widow of the deceased, and paid by her as administratrix of the estate of the deceased.

This case impresses me with the conviction that my duty under the facts revealed before me is to grant a new trial, however much I regret the necessity therefor.

It is therefore ordered: That a new trial be, and the same hereby is granted.

*Mr. T. M. Raysor* and *A. J. Hydrick, Solicitor,* for the State, cite: *Relationship of Judge is governed by Art. 5, Sec. 6, Const. 1895; Sec. 3923, 1 Civ. Code, 1912.. Deceased was not a "party" to the proceeding*: Code Proc. 1912, Sec. 5; 48 S. C. 384. *Rule governing disqualifying Judge because of relationship*: 89 S. C. 244; 64 S. C. 201; 56 S. C. 379. *Question of new trial is one of law and Supreme Court can render judgment absolute*: 92 S. C. 361; 100 S. C. 433.

*Messrs. Adam H. Moss and Wolfe & Berry,* for appellant, cite: *Juror was improperly excused:* 100 S. C. 254. *Violence against property in presence of defendant should constitute a sufficient legal provocation to reduce the killing from murder to manslaughter:* R. C. L. Sec. 97. And for defendant-respondent, cite: *Judge related within sixth degree is disqualified:* Art. V. Sec. 6, Const. 1895; 1 Civ Code 1912, Sec. 3923. *"Cause" defined:* 5 A. & E. Enc. Law, (2nd Ed.), 772. *Words & Phrases:* 48 S. C. 386. *Real parties to a suit:* 13 S. C. 437; 22 A. & E. Enc. Law (2nd Ed.) 233; 30 Cyc. 768. *Circuit Judge has power to grant new trial:* Crim. Code, 1912, Sec. 99. *Power is discretionary and should be liberally construed:* 1 S. C. 139; 69 S. C. 295. *Question of fact in motion for new trial will not be reviewed:* 36 S. C. 524; 109 S. C. 399. *Judge will be presumed to know relationship:* 89 S. C. 250.

June 30, 1921.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The respondent was convicted of murder with a recommendation to mercy before Judge Rice and a jury at the September term of Court, 1919, for Orangeburg County, and sentenced by the Judge to life imprisonment. From this judgment and sentence defendant appealed.

Later, to wit, September, 1920, a motion was made in the Court of General Sessions before Judge Mauldin, for a new trial, which was granted. Thereupon the State appealed and challenges the correctness of this order granting a new trial. This order should be set out in the report of the case.

The moving papers in the case show conclusively that the motion was made solely on the question of relationship of Judge Rice to the deceased, the contention being that they were connected within six degrees by consanguinity or affinity, and Judge Mauldin based his order on this.

It is true that he uses the language, "under the facts revealed before me"; but no reference can be drawn that he acted other than on the question of relationship, and did not exercise his discretion in granting a new trial on after-discovered testimony.    That was not before him and was not considered by him, and the question solely to be considered by this Court is: Was he in error in granting the new trial on the question of connection by affinity of Judge Rice and the deceased, and the widow of the deceased?

Under the showing made Judge Rice is not within the prohibited degree; he is not related within the sixth degree. When he tried the case, he did not know of any relationship or affinity; the order of Judge Mauldin shows that.

It is absurd to hold that because a Judge is related to one who employs a lawyer to prosecute a criminal case he is disqualified to try the case.    It will be seen by the exhibits in the case that Judge Rice, under Section 3565, subd. 6, Vol. 1, Code of Laws 1912, was not within the sixth degree, but seventh, and the order must be reversed for this reason, and also under the opinion of Mr. Justice Gary (now Chief Justice) in Ex parte Hilton, 64 S. C. 205, 41 S. E. 978, 92 Am. St. Rep. 800, and authorities therein cited.    The appeal from Judge Rice involves two questions:    Was it error in excusing the Juror Jernigan without legal ground or excuse over and against the objection of the defendant, and alleged error in the charge of his Honor?

The first will have to be sustained.    His Honor was in error in excusing the juror.    Under the affidavit submitted it did not show that he was excused, under the statute; it did not show that he was sick, but solely for business reasons.    Ordinarily a Judge can excuse in the exercise of his wise discretion, although he ought to be careful and not allow private interests to prevail over public good; a public duty to serve on the jury

is more important to good citizenship than to inconvenience a private enterprise, by having one of its employees absent serving on the jury, thereby temporarily inconveniencing the business.

The statute says who shall be excused, leaving the other excuses to the wise discretion of the Judge, and ordinarily that will not be interfered with.    But in the instant case the defendant acting within his rights, being tried for a capital offense, protested and objected to the juror being excused. His peremptory challenges were exhausted before the jury was complete, and he was prejudiced, possibly, thereby. This is not on all fours with *State v. Tidwell,* 100 S. C. 248, 84 S. E. 778, but the reasoning of the case is applicable here, and the excusing of Jernigan, against the objection of the defendant, was an erroneous exercise of discretion and is a reversible error.    This exception should be sustained. The exception is overruled, being without merit.    The order of Judge Mauldin is reversed.    Judgment of Circuit Court is affirmed, that being the conclusion of the majority of the Court.

Affirmed.

MR. CHIEF JUSTICE GARY:   I concur in reversing the order of Judge Mauldin, but dissent as to the reversal of the judgment on the ground of error in excusing the juror Jernigan.

MR. JUSTICE FRASER concurs.

MR. JUSTICE COTHRAN:  I concur in the dissenting opinion of the Chief Justice in both propositions announced by him.

1.    It is questionable whether the deceased in a homicide case should be considered a "party to the cause" (a criminal prosecution of the slayer), within the purview of Article 5, § 6, of the Constitution, to such an extent as to disqualify the presiding Judge on account of his relationship to him;

though delicacy would suggest the exercise of his discretion in respecting the spirit of the provision. In no possible aspect could the mother of the deceased be so regarded. It appears here that the deceased was related to the presiding Judge in the seventh degree; the mother, of course, in the sixth degree. Judge Mauldin was in error therefore in holding that Judge Rice was disqualified by reason of his relationship to the mother of the deceased.

2. As to the action of Judge Rice in excusing the juror Jernigan: That was an incident in the conduct of the Court within the sound discretion of the presiding Judge, and cannot be assigned as reversible error, if error at all, unless it be shown, as it has not been, that this discretion was abused and that the defendant was actually prejudiced thereby.

"The Court may in the exercise of its discretion excuse jurors for reasons which constitute no legal grounds of disqualification or exemption but which are purely personal to the juror, such as * * * when his business interests would be materially injured. * * * It is uniformly held that whether a juror shall be excused is a matter resting within the sound discretion of the Court, the exercise of which will not be interfered with unless it is clearly shown to have been abused to the actual prejudice of the complaining party." 24 Cyc. 260; *State v. Whitman,* 14 Rich. 113; *State v. Gill,* 14 S. C. 410.

In the last named case the Court says:

"It does not appear that his right of peremptory challenge, which, it must be remembered, is a right to reject and not to select jurors (*State v. Wise & Johnson, 7* Rich. 412), was in any way abridged, and we are at a loss to conceive how the discharge of these jurors, even if it had been illegal or irregular, could operate to the prejudice of any of the rights of the defendant."

17—s. c. 116

The case of *Omaha R. Co. v. Beeson,* 36 Neb 361,, 54 N. W. 557, is referred to in 24 Cyc. 261, as announcing the principle in very clear terms:

"There is a wide distinction between the retention of an incompetent juror and the excusing of one who is competent. In the former case the law presumes prejudice to the complaining party, but in the latter it will be presumed that the jurors who tried the case possessed all of the necessary qualifications and that action of the Court, if erroneous, was without prejudice."

The judgment of this Court in my opinion should be a reversal of the order of JUDGE MAULDIN in the appeal instituted by the State and an affirmance of the judgment of the Circuit Court in the appeal instituted by the defendant.