## 10689

### KING v. HOLLIDAY *ET AL*

#### (108 S. E. 186)

1. Highways—Instruction as to Automobile Driver's Duty on Seeing Object on Highway Held a Proper Statement of Law.—In an action against an automobile owner and his driver for injuries sustained by a boy of four when struck by the car while on the highway, instruction that a person driving on the public highway, seeing an object thereon, especially if he is driving a dangerous machine, must use caution and care and prudence to avoid injury, either to himself or to the object on the highway, if it be capable of being injured, was a proper statement of the law.

2.  NEGLIGENCE—CHILD UNDER SEVEN INCAPABLE OF BEING NEGLIGENT ON HIGHWAY.—A child under seven years of age is incapable of committing a trespass or of being negligent, and in an action by his guardian ad litem for injuries sustained by him when struck by an automobile on the highway it was immaterial what use he was making of the highway when struck.

3.  HIGHWAYS—MUNICIPAL CORPORATION.—DUTY OF DRIVERS OF AUTOMOBILES AS TO USE OF DUE CARE TO AVOID INJURIES STATED.—It is the duty of drivers of automobiles on the public streets and highways to observe due care and caution, as a person of ordinary care and caution is required to, to avoid injury to themselves and their property and injury to the persons and property of others.

Before DeVore, J., Greenville, September, 1920. Affirmed.

Action by E. G. King as guardian ad litem for James Hoyt King, against Casper Holliday and W. C. Walker. Judgment for plaintiff and defendants appeal.

*Messrs. Martin & Blythe,* for appellants, cite: *Duty of driver of vehicle as to animals in road*: 34 Am. Dec., 278, (N. Y.) *Interest of public in highway consists solely in right to passage over it*: 27 S. C., 422; 70 Atl. 385. *Court has power at the trial to order examination of injured party*: 60 S. C., 117; 23 L. R. A., (N. S.), 464; 3 Am. St. Rep., 554; 68 Am. St. Rep., 242; 17 Cyc., 295; 23 L. R. A., (N. S.), 465; 2 L. R. A., (N. S.), 368.

*Messrs. Bonham & Price,* for respondent.

August 1, 1921.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from a judgment entered on a verdict for $2,500; $1,500 actual and $500 punitive damages. The case was for personal injuries sustained by James Hoyt King, a minor four years of age at the time of the injury July 12, 1917. The injury was caused by an automobile owned by Casper Holliday and driven by

W. C. Walker. The case was first tried before Judge Peurifoy and a jury, and resulted in a verdict in favor of plaintiff for $500. Judge Peurifoy granted a new trial, and the cause was then tried before Judge DeVore and a jury at the September term of Court, 1920, for Greenville County. After the verdict rendered defendants made a motion for a new trial, which was overruled. The defendants then appealed, and by 11 exceptions impute error and ask for reversal. At the hearing the ninth exception was withdrawn. Exceptions 1 and 2 questions the language of the charge of his Honor in charging as follows:

"I charge you as matter of law that if a person is traveling upon the public highway and sees an object in the highway, especially if he is driving a dangerous machine, it does not make any difference what the object is, he must use caution and care and prudence as a person of ordinary reason and prudence would use, so as to avoid injury either to himself or to the person who is driving the car or to the object upon the highway, if it be capable of being injured."

We see no error in this, it was a plain statement by his Honor as to the duty of a person driving a car on the public highway to use ordinary reason and prudence to avoid injury to himself and others, and is good, sound law, well charged. He charged the law applicable to the issues and evidence, did not intimate any opinion, but left the facts entirely to the jury for their determination.

Complaint is also made that the Court imposed a liability upon the defendants for negligence in not keeping a proper lookout, and in not stopping the car if they could have seen the child, although the jury may have found that the child was not using the road as a traveler and not making a reasonable use of same, in which case the defendants would be liable only for willfulness. These exceptions are overruled. The injured, a child under seven

30—s. c. 116

years of age, is incapable of committing a trespass, or being negligent, and it makes no difference what use he was making of the highway.

> 3  It is the duty of drivers of automobiles on the public streets and highways to observe due care and caution as a person of ordinary care and caution is required, so as to avoid injury to themselves and their property and injury to the persons and property of others. Exceptions 5 and 6, 7, and 8 are overruled. His Honor did not allude to any person; he told the jury in clear, plain language the care that an ordinary, prudent person must exercise under certain circumstances while traveling the public highways. He gave a fair and clear declaration of the law of the case, and we were impressed at the argument before us that appellants did not seriously rely on exceptions 7 and 8.

Exception 10 is overruled. The Court did all it could under the circumstances developed. Appellants cannot complain; they got all they were entitled to as the result of the medical examination. His Honor's ruling was clearly right. Exception 11 is overruled under authorities. *Ex parte Hilton,* 64 S. C., 206; 41 S. E., 978; 92 Am. St. Rep., 800; *State v. Ballew,* 83 S. C., 86; 63 S. E., 688; 64 S. E., 1019; 18 Ann. Cas., 569, and *State v. Browning,* 116 S. C. 252; 108 S. E., 105.

All exceptions are overruled.

Judgment affirmed.