11473

SANDERS v. HAYES

(122 S. E., 582)

1. NEGLIGENCE—PROVABLE UNDER ALLEGATION OF WILFULNESS.—Negligence may be proved under an allegation of wilfulness.

2. MUNICIPAL CORPORATIONS—AUTOMOBILE DRIVER'S NEGLIGENCE IN KILLING DOG HELD FOR JURY.—In an action for loss of dog killed by an automobile in a street, whether· driver was negligent *held* for the jury.

3. MUNICIPAL CORPORATIONS—INSTRUCTIONS ON LIABILITY FOR KILLING DOG BY AUTOMOBILE HELD PROPERLY REFUSED.—In an action for loss of a dog killed by an automobile, requested charges *held* properly refused as inapplicable.

4. TRIAL—REFUSAL OF REQUEST COVERED BY CHARGE NOT ERROR.—A refusal of request covered by the general charge is not prejudicial error.

5. ANIMALS—THAT DOG KILLED WAS NOT RETURNED FOR TAXES AFFIRMATIVE DEFENSE.—In an action for the killing of a dog, that the dog was not returned for taxes is an affirmative defense upon which defendant has the burden of proof.

6. JUSTICES OF THE PEACE—OBJECTION THAT MAGISTRATE WAS RELATED TO PLAINTIFF MAY BE RAISED ON SECOND TRIAL.—Defendant has a right to interpose an objection at the second trial that Magistrate was related within the sixth degree to plaintiff, though no objection was made at the first trial, which resulted in a mistrial.

7. JUSTICES OF THE PEACE—THAT MAGISTRATE WAS RELATED TO PLAINTIFF CANNOT BE RAISED FOR FIRST TIME ON APPEAL.—Where defendant failed to object at the trial that the Magistrate was related within the sixth degree to plaintiff, though his attention was called to it, that objection cannot be raised on appeal.

8. MUNICIPAL CORPORATIONS—KILLING OF DOG BY AUTOMOBILE RAISES NO PRESUMPTION OF NEGLIGENCE.—The mere fact that the killing of a dog by driver of automobile raises no presumption of negligence.

9. MUNICIPAL CORPORATIONS—NO PRESUMPTION DOG WILL GET OUT OF WAY OF AUTOMOBILE.—A request for instruction that where a dog, in apparent possession of his faculties, is killed by an automobile, there is no liability, as driver has a right to rely on the presumption that the dog will get out of the way, *held* properly refused, as liability for negligence is tested by application of the standard of due care, untrammeled by presumptions of any kind.

10. MUNICIPAL CORPORATIONS—AUTOMOBILE DRIVER'S RIGHT TO RELY·ON
   DOG'S AGILITY TO AVOID INJURY IS A QUESTION FOR JURY.—The
   extent to which an automobile driver may rely on a dog's intelligence
   and agility to avoid injury is a question for jury.

Before J. F. CARTER, SPECIAL JUDGE, Oconee, June, 1923.
Affirmed.

Action by J. B. Sanders against Henry Hayes. A judgment for plaintiff in the magistrate's court was affirmed by the circuit court and defendant appeals.

The circuit court decree follows:

"This is an action by the plaintiff, J. B. Sanders, against the defendant, Henry Hayes, brought in the Magistrate's court to recover damages in the sum of $100 for the alleged killing of plaintiff's dog by the defendant.

"It appeared that the case was tried three times. The first trial, before Magistrate W. M. Dillard and a jury, resulted in a verdict for the plaintiff in the sum of $50. On appeal to the circuit court, the case was reversed and remanded for a new trial. The next trial resulted in a mistrial. Afterwards, on a motion for a change of venue by the defendant, Magistrate Dillard transferred the case to Magistrate L. C. Graham. The trial before Magistrate Graham and a jury, on June 8, 1923, resulted in a verdict for the plaintiff in the sum of $75. The case now comes before me on appeal by the defendant.

"The amount involved in this suit is small, but it appears from the record and the interest manifested that the case was hotly contested and the issues sharply drawn. In. considering the appeal, I have endeavored not to overlook any exception and to give each exception full consideration, and I am indebted to counsel, representing parties litigant, for the able arguments made and the points and authorities presented.

"The plaintiff alleged that, on or about the second day of June, 1922, he was the owner and in possession of a bird dog of the value of $75, and that on the 2d day of June,

or thereabout, in the year 1922, the plaintiff's said dog was willfully and maliciously struck, and willfully, maliciously, and wantonly killed by the defendant, to the damage of the paintiff in the sum of $100.00.

"At the close of the testimony introduced by the plaintiff, counsel for the defendant made a motion for a nonsuit on several grounds. The magistrate having refused the motion for a nonsuit, the defendant offered no testimony, and the case was submitted to the jury. The jury rendered a verdict for the plaintiff for the sum of $75.00 actual damages.

"The first evception of appellant is: 'That the magistrate erred in not sustaining defendant's motion for a nonsuit on the several grounds stated in said motion, which is hereto annexed and made a part of this exception.' The first ground upon which appellant asked for a nonsuit is as follows: 'That there is no act of negligence proven or even alleged by plaintiff against defendant.' The second ground upon which the motion was made for nonsuit is: 'That there is no testimony to prove that the defendant willfully, wantonly, or maliciously killed plaintiff's dog.' It was conceded by plaintiff's counsel that there was no testimony tending to show willfulness, and, therefore, for the purpose of this appeal, I hold that there was no proof of willfulness. It will be observed that the pleadings contain no allegations of negligence, but the allegation is that the dog was killed willfully and wantonly, and the appellant takes the position that, since there was no proof of willfulness and no allegation of negligence, the plaintiff could not recover, and that the magistrate erred in not granting the motion for a nonsuit on that ground. As we understand the rule, as laid down by the Supreme Court of this state, negligence may be proven under an allegation of willfulness. Therefore appellant was not entitled to a nonsuit upon the ground that no willfulness was proven and no negligence alleged. Furthermore, in my opinion, in the trial of cases before a magistrate the litigants should not be held to technical rules of pleading, and

if the proof shows that a plaintiff is entitled to relief sought, he should not be ruled out of court because the pleading is not in compliance with technical rules.

"Appellant further contends, under the first ground for motion for nonsuit, that no negligence was proven, and the magistrate erred in not granting a nonsuit on this ground. After a careful reading of the testimony, I am of the opinion that the appellant was not entitled to a nonsuit on this ground. I think that the testimony tended to show some negligence, and it was proper for the magistrate to submit this issue to the jury.

"Appellant's third ground for motion for nonsuit was: 'There is no testimony to show that defendant could have prevented the killing of the dog, but, on the other hand, the testimony shows that the dog ran into the car of defendant and was killed without any fault on his part, and therefore was merely accidental.'

"Appellant's fourth ground for motion for nonsuit was: 'The testimony shows without a doubt that the dog was not in a helpless condition in the street on the approach of defendant's automobile, but was seen to be possessed of agility and rapidity of movement, fully capable of taking care of itself, and the defendant had the right to reply on that fact and presume the dog would get out of his way on its approach; that, under these circumstances, the defendant owed the dog no duty to take any precaution for its safety.'

"Appellant's fifth ground for nonsuit was: 'However, the testimony shows that defendant did use precaution and tried to save the dog from injury, that he saw the dog on the right driveway, which lies on the right of the center of the street, and that defendant turned out of that driveway in order to avoid the dog, and that the dog ran into him without any fault on defendant's part; that defendant, was traveling at a moderate and careful rate of speed.'

"These three grounds for a nonsuit may be considered together.

"The testimony shows that the defendant was driving his automobile at a moderate rate of speed on the right driveway, which lies on the right of the center of the street, and that when the dog approached that side of the street which the defendant was driving—seemingly for the purpose of crossing the street—the defendant was a considerable distance in the rear of the dog, and immediately turned his car to the left of the street, and came in contact with the dog on the left-hand side of the street, and, after the dog was struck by the car, turned back into the middle of the street.

"The contention of appellant is that the defendant turned from the right of the street to the left of the street for the purpose of avoiding the dog, and that the dog ran into the car of the defendant, and that the striking of the dog by the car was accidental.

"The plaintiff contends that, if the defendant had kept on the right of the street, in the regular driveway, as he should have done, he would not have come in contact with the dog, for the reason that the defendant was some distance in the rear of the dog at the time the dog approached the street, and the dog would have had plenty of time to have gotten across the street before the defendant reached the point where the dog entered the street, and would not have been killed, and that it was negligence on the part of the defendant in turning his car from the right of the street to the left of the street, and thereby striking the dog and killing him.

"In my opinion, the defendant had the right to assume, when he saw the dog entering the street from the side on which he was driving at a considerable distance ahead, that the dog would move out of the way by the time the car approached that point, there being nothing to show that the dog was in a helpless condition, and it was not incumbent on the defendant to turn from the right side of the street to the left. It may be, as contended by the appellant, that the defendant turned from the right side of the street to the

left to avoid striking the dog, and that the killing of the dog was purely accidental. However, the testimony does not show this. No one knows what was in the mind of the defendant except the defendant himself, and I consider it unfortunate that the defendant failed to explain his movement at the time. The testimony, introduced by the plaintiff, in my opinion, raises an issue for the jury on the question of negligence, and I think the magistrate properly overruled the motion for a nonsuit.

"The second exception of appellant alleges error on the part of the magistrate in not charging defendant's first, second, third, sixth, eighth, and ninth request. Defendant's first request is as follows: 'This is an action founded on tort, by plaintiff, J. B. Sanders, against the defendant, Henry Hayes, for the willful, wanton, and malicious killing of a dog alleged to belong to the plaintiff in a street in Westminster.' The second request is as follows: 'Defendant denies each and every allegation of the complaint. This puts plaintiff on proof, and before he is entitled to recover anything at all, he must convince you by the greater weight or preponderance of the testimony that he is entitled to recover.'

"By reference to the report of the magistrate, it is seen that, while the magistrate refused to charge these requests, he nevertheless covered the same in his general charge, and therefore there was no prejudicial error in refusing to charge these specific requests.

"Appellant's third request was as follows: 'The plaintiff has not charged the defendant with negligently killing his dog; he alleges that he killed the dog in a willful, wanton, and malicious manner. Willful means what the word implies—an intention to do a certain thing. Wanton means reckless or careless, and the malicious killing of a dog would mean that he acted with malice or ill will. Before plaintiff would be entitled to recover damages, he must prove by the greater weight of the testimony all of these elements.' This

request leaves out the issue of negligence, which may be proven under an allegation of willfulness, and the request was, therefore, properly refused.

"The fourth and fifth request of the defendant were charged by the magistrate. The sixth request of the defendant was as follows: 'However, I charge that the law is as was laid down in the case of *Fowles v. Railway Co.,* 73 S. C., 308; 53 S. E., 534, and *McDaniel v. Railway Co.,* 101 S. C., 415; 85 S. E., 957, that, where the operator of an automobile or train on approaching a dog observes the dog to be in no helpless condition, but, on the other hand, being possessed of agility and rapidity of movement, being fully able to take care of itself, such person has a right to rely on the presumption that the dog will take care of itself and get out of the way and escape injury; but, if such a kind of dog does not get out of the way and gets injured or killed, then, the person that killed it would not be liable under the laws of this State.

"In my opinion, the rule laid down in the cases cited in this request is not applicable to the case at bar, but that the case at bar is controlled by the rule declared in the case of *King v. Holliday,* 116 S. C., 463; 108 S. E., 186; and the request was properly refused.

"The defendant's seventh request to charge was also properly overruled for the reason I have given under the sixth request, and, furthermore, this request was not applicable for the reason that it might be inferred from the testimony that the defendant was negligent in leaving the right driveway and turning to the left side of the driveway where the dog was killed.

"The defendant's eight request was as follows: 'I charge you that if you find from the evidence in this case that if the dog ran into the car of defendant, and that the defendant did all he could do or was required to do under the law to keep from killing it, then he would not be liable, and your verdict should be for the defendant.' There was no testi-

mony to support this request, and, in my opinion, the request was properly refused.

"The defendant's ninth request was as follows: 'I charge you as a proposition of law that even if the defendant was traveling on the left side of the street, and if the dog came across the street and ran into the car, and if the defendant was traveling at a lawful and moderate rate of speed, then the defendant did not act negligently or wantonly or maliciously, and your verdict then should be for the defendant in that event.' In my opinion, to have charged this request would have been a charge on the facts, would have taken the question of negligence away from the jury, and been equivalent to directing a verdict for the defendant. Therefore the request was properly refused.

"The remaining exceptions of appellant, except the last one, may be considered together. In these exceptions, the appellant alleges that the magistrate committed error in charging certain requests of the plaintiff, and calls attention to the following request of the plaintiff, which the magistrate charged, to wit: 'I charge you that a dog is such property that a man may recover damages for its injury or death if the injury or death be caused by the negligence or carelessness of another.' And also alleges error in charging the following request of plaintiff: 'I charge you that the plaintiff does not have to prove more than negligence on the part of the defendant to recover actual damages.'

"Appellant takes the position that, in order for a dog to be property, it should be returned for taxes as required by the laws of this state, and further contends that, in the absence of proof of the dog being returned for taxes, the plaintiff could not recover anything against the defendant for the killing of the dog in question. In my opinion, such a defense is an affirmative defense, and if the defendant wished to avail himself of the provisions of this statute, it was necessary for him to offer proof that the dog in question had not been returned for taxes, and no proof having been of-

fered by the defendant that the dog had not been returned for taxes as required by statute, the defense was not available to defendant. After careful consideration, it is my opinion that the magistrate committed no error in charging the plaintiff's request.

"In the appellant's seventh exception, he alleges that the whole proceedings should be set aside as null and void on the ground that the magistrate is related within the sixth degree to the plaintiff, and that this matter was not brought to the attention of the defendant until after the case had been tried one time which resulted in a mistrial before Magistrate L. C. Graham, and alleges further under this exception that the record discloses that the defendant had the case transferred from Magistrate W. M. Dillard, and over defendant's protest sent it to Magistrate L. C. Graham for trial, and further contends under this exception that the plaintiff being related to L. C. Graham within the sixth degree, and the matter not being brought to the attention of the defendant in sufficient time, renders the verdict and judgment before him in plaintiff's favor, on June 8, 1923, null and void. We find the following statement on the Magistrate's return: 'Before the jury was sworn, it was entered of record and the parties interested put on notice that the Magistrate was related within the sixth degree to the plaintiff in this action. No parties taking exception thereto, the Court assumed jurisdiction, swore the jury, and proceeded to the trial of the case.' Counsel for the appellant takes the position that, inasmuch as the case having been tried once before before Magistrate Graham (resulting in a mistrial), and the relationship between the Magistrate and plaintiff having not been called to his attention at the first trial, that he did not have the right to interpose objection at the second trial. In my opinion, appellant should have interposed his objection at the second trial, and, having failed to do this, after the matter was brought to his attention, it is too late now to make the objection.

"It is therefore ordered that the exceptions be overruled, the appeal dismissed, and the judgment of the Magistrate affirmed."

*Mr. M. R. McDonald,* for the appellant, cites: *Action for a willful tort:* 69 S. C., 327. *Acts of defendant:* 37 S. C. L., 334. *Damages for killing dogs:* 10 S. C. L., 52; 55 S. C., 334; 73 S. C., 306; 101 S. C., 415; 54 S. C., 481. *Annulled by Act of Legislature:* Code, 1922, Vol. 3, Sec. 349.

*Mr. Harry Hughes,* for respondent, cites: *Under an allegation of willful tort one may recover for negligence:* 112 S. C., 71. *Law of the highway as to dogs:* 116 S. C., 463. *Property in dogs affirmative defense:* 54 S. C., 481; Code, 1922, Sec. 349; 72 S. C., 384. *Objection not made before issue joined and trial commenced:* 64 S. C., 201.

April 15, 1924.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The plaintiff recovered damages in a Magistrate's Court for the killing of his dog as the result of a collision with an automobile, driven by the defendant on one of the streets of Westminster. The judgment of the Magistrate was affirmed by the Circuit Court, Hon. J. F. Carter, Special Judge, presiding, in a carefully considered order. From that order the defendant has appealed to this Court.

All points raised by the exceptions are fully and satisfactorily covered in the order of the Circuit Judge, and, for the reasons therein stated, we are content to affirm the judgment of the Circuit Court.

One contention, however, earnestly urged upon our attention by appellant's counsel, may possibly justify brief additional discussion. On the trial before the Magistrate the defendant requested the Court to charge, in substance, that under the authority of *Fowles v. Railway Co.,* 73 S. C., 308; 53 S. E., 534, and *McDaniel v. Railway*

*Co.*, 101 S. C., 415; 85 S. E., 957, the operator of an automobile approaching a dog, not apparently in a helpless or disabled condition, has a right to rely upon the presumption that the dog will take care of itself and get out of the way and escape injury, "but if such a kind of dog does not get out of the way and gets injured or killed, then the person that killed it would not be liable under the laws of this State." The line of cases, commencing with *Wilson v. Railroad Co.*, 10 Rich., 52, relied upon to support that position, decide nothing more than that the rule in *Danner's Case*, 4 Rich., 329; 55 Am. Dec., 678, raising a presumption of negligence from the fact of the killing of certain animals on a railroad track, does not apply to the killing of a dog. Unquestionably, the mere fact of the killing of a dog, either by the driver of a locomotive engine on a railroad track, or by a motorist upon a highway, raises no presumption that the killing was negligently done. If appellant's requested instruction had been directed solely to that point, clearly his position would have been tenable. But the requests to charge embraced the proposition that where a dog, in apparent possession of his faculties, is killed by a motorist, there is no liability as a matter of law for the reason that the driver of an automobile "has a right to rely upon the presumption that the dog will take care of himself and get out of the way." As properly held by the Circuit Judge, the motorist's liability for negligence in those circumstances is to be tested by the application of the standard of due care, untrammeled by presumptions of any kind. *King v. Holliday*, 116 S. C., 463; 108 S. E., 186. In the application of that standard the extent to which the driver of a motor vehicle on a street or highway may safely or properly rely upon the intelligence and agility of a dog to avoid a collision is a matter for the consideration of the triers of fact, whose duty it is, in the light of common experience, to determine the degree of care required of the

driver of the vehicle in the circumstances of the particular case.

The judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS, FRASER and COTHRAN concur.

MR. CHIEF JUSTICE GARY did not participate in this case.