21792

T. Z. STANDARD, d/b/a/ Willow Run, Ltd., Respondent, v.
Larry SHINE, Richardeen Shine, and Larry Shine, Jr., Appellants.
(295 S. E. (2d) 786)

*Edward A. Harter, Jr.,* Columbia, *for appellants.*

*Hammond A. Beale,* Columbia, *for respondent.*

September 29, 1982.

HARWELL, Justice:

Appellants allege the trial court erred in overruling their demurrer to respondent's complaint. We disagree and affirm.

Appellant Larry Shine, Jr., lived with his parents in an apartment operated by the respondent. He was six years old at the time this action arose. Respondent's complaint alleged that the appellant minor negligently set fire to the leased premises resulting in actual damages which respondent sought to recover from him. In a separate cause of action, respondent proceeded against the parents of the minor under Section 20-7-340, Code of Laws of South Carolina, 1976 (Cum. Supp. 1981).

The appellants' demurrers asserted that the minor defendant was as a matter of law incapable of either negligence or an intentional and malicious tort. Essentially these demurrers rested upon the conclusive presumption of incapacity that has shielded minors of tender years (that is, below age seven) from allegations of contributory negligence in South Carolina. *Butler v. Temples,* 227 S. C. 496, 88 S. E. (2d) 586 (1955); *Limehouse v. Southern Ry. Co.,* 216 S. C. 424, 58 S. E. (2d) 685 (1950); *King v. Holliday,* 116 S. C. 463, 108 S. E. 186 (1921).

Heretofore, we have held, by analogy to the criminal law, that a child under seven years of age was conclusively presumed to be incapable of contributory negligence; a rebuttable presumption existed that a child between the ages of seven and fourteen was incapable of contributory negligence; and a child of fourteen years and over was presumed capable of contributory negligence. *Chitwood v. Chitwood,* 159 S. C. 109, 156 S. E. 179 (1930); *King v. Holliday,* supra. However, we have never addressed the primary negligence of minors, the issue before us today. Despite our previous holdings, the prevailing view in cases of both primary

and contributory negligence of minors is that no arbitrary limits as to a minimum age should be set. The capacities of children vary greatly, not only with age, but also with individuals of the same age. Therefore, no very definite statement can be made as to just what standard is to be applied to them, § 32 Prosser on Torts (4th Ed.). Of course, a child of tender years is not required to conform to an adult standard of care. The Restatement (Second) of Torts § 283A suggests that a minor's conduct should be judged by the standard of behavior to be expected of a child of like age, intelligence, and experience under like circumstances.

Today we adopt that standard of care for minors in both primary and contributory negligence cases. Insofar as today's decision differs from our previous cases dealing with the contributory negligence of minors, those cases are overruled. Consequently, the appellants' demurrer to respondent's negligence cause of action was properly overruled.

Respondent also stated a cause of action against the alleged tort feasor's parents pursuant to the South Carolina Parental Responsibility Act.

> When *any* unmarried minor under the age of seventeen years and living with his parent shall maliciously and intentionally destroy, damage or steal property, real, personal or mixed, the owner of such property shall be entitled to recover from such parent of such minor actual damages in a civil action court of competent jurisdiction in an amount not exceeding one thousand dollars. . . . S. C. Code Ann. § 20-7-340 (Cum. Supp. 1981). (Emphasis added).

Although our statute has never been construed, North Carolina's similar statute was considered in *General Insurance Company of America v. Faulkner*, 259 N. C. 317, 130 S. E. (2d) 645 (1963) and found to be constitutionally within the state's police power. The North Carolina court stated that parental responsibility acts were adopted as an aid in the control of juvenile delinquency. The limitation of amount of liability fails to serve any of the general compensatory objectives of tort law. Instead, their rationale is that parental indifference and failure to supervise the activities of children are the major causes of juvenile delinquency; that parental liability

for harm done by children will stimulate attention and supervision; and that the total effect will be a reduction in the anti-social behavior of children.

Because parental responsibility statutes create liability in derogation of the common law, they are strictly construed. Annotation, 8 A. L. R. (3d) 612. Where no conflict with common law exists, however, this Court will not substitute its view of public policy for that of the legislature. The General Assembly has made clear its choice; no presumptions will be indulged; minors of any age can commit intentional and malicious torts, specifically the tortious destruction of property. Hence, the appellants' demurrer to respondent's action under 20-7-340, Code, was properly overruled.

Accordingly, we affirm the order of the trial court and remand the case for further proceedings.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.