518 S.E.2d 619

**Audrey P. JONES, a Minor, by and through her Guardian ad Litem, Viva CASTOR, Appellant,**

v.

**Julia T. CARTER, Respondent.**

**No. 3011.**

Court of Appeals of South Carolina.

Heard April 13, 1999.

Decided June 14, 1999.

Howard Hammer, John W. Carrigg, Jr., and Jon T. Clabaugh, Jr., and G. Randall McKay, all of Hammer, Hammer, Carrigg & Potterfield, of Columbia, for appellant.

David S. Cobb, of Turner, Padget, Graham & Laney, of Charleston, for respondent.

HOWELL, Chief Judge:

Viva Castor, in her capacity as Guardian ad Litem for Audrey P. Jones, brought this negligence action against Julia T. Carter. The action seeks payment for personal injuries suffered when Jones's bicycle and Carter's vehicle crashed into each other. Castor appeals from a jury verdict for Carter. We affirm.

## I.

On July 8, 1992, Carter was driving in her automobile on Schoolhouse Road. She had seen a "Watch Out For Children" sign and was traveling at approximately 20 to 25 miles per hour. Meanwhile, Jones, then six years old, and her cousin were riding their bicycles along Mercer Street on their way to Pinehurst Park. There is a stop sign on Mercer Street where it intersects with Schoolhouse Road near the park. Although several people had warned Jones about riding her bike too fast and not stopping at the stop sign, neither Jones nor her cousin, who was riding in front of Jones, stopped there. Jones's cousin crossed the intersection without incident, but

Jones did not. She collided with Carter's car when both arrived at the intersection simultaneously.

## II.

On appeal, Castor contends that, in instructing the jury, the trial judge erroneously juxtaposed the standard of care applicable to adults to the standard of care involving minors. We find no reversible error.

■ The trial court is required to charge the current and correct law. *See McCourt v. Abernathy*, 318 S.C. 301, 306, 457 S.E.2d 603, 606 (1995). "A confusing charge alone is insufficient to warrant reversal. Jury instructions must be considered as a whole, and if, as a whole, they are reasonably free from error, isolated portions which might be misleading do not constitute reversible error." *Keaton v. Greenville Hosp. Sys.*, 334 S.C. 488, 498, 514 S.E.2d 570, 575 (1999) (quoting *State v. Kerr*, 330 S.C. 132, 144, 498 S.E.2d 212, 218 (Ct.App.1998)) (internal citations omitted).

Here, the judge charged the jury that

[t]o determine whether a particular act . . . on the part of Ms. Carter is negligent, you should compare that act with the manner in which a person of ordinary reason and prudence would have acted in the same or similar circumstances.

So that's the standard. That's the standard you apply in judging the actions of the parties in this case. Did that person act as a reasonable, prudent person would have acted under the same or similar circumstances? That's the question you ask yourself in deciding whether . . . that person was negligent. . . . Compare the way that person acted with the way . . . an ordinary, prudent and reasonable person would have acted under the same or similar circumstances.

To recover in this case, as I said, Ms. Jones must establish that Ms. Carter was negligent in at least one way, and that that negligent act was a direct [and] proximate cause of her damages.

The judge then began to explain the various common law and statutory duties involved. The portions relevant to the appeal follow:

... Except when directed by a police officer, every driver of a vehicle—of course that would include a bicycle—approaching a stop sign shall stop at a clearly marked stop line, but if none, before entering the cross walk or on the near side of the intersection, or if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it.

That just simply means you're supposed to stop when you see a stop sign.

And another provision of the law that may be relevant: the erection by the Highway Department of a stop sign at an intersection has the effect of making the intersection a stop intersection. A motorist approaching a stop intersection on a servient highway has the duty to yield the right-of-way as required to exercise due care for approaching traffic on the dominant highway.

I instruct you further that a motorist on a preferred highway is entitled to assume a vehicle approaching on a secondary highway will stop [at] the intersection unless the driver has knowledge of the absence of a stop sign or he is otherwise ... put on notice that the vehicle at the intersecting street is not going to stop.

There has also been reference by the attorneys in their arguments to how the law views the actions of a child. And they've been ... basically correct in their statements in regard to that. But I need to tell you exactly what that is.

And the law is that a child under the age of fourteen is not required to conform to an adult standard of care. A child under the age of fourteen, that child's conduct should be judged by you by the standard of behavior to be expected of a child of like age, intelligence, and experience under the same circumstances. A child may be so young as to be manifestly and utterly incapable of exercising any of those qualities of attention, perception, knowledge, experience, intelligence, and judgment which are necessary to enable

the child to perceive a risk and to realize its unreasonable character.

On the other hand[,] it is obvious that a child who has not yet attained majority may be quite as capable as an adult of exercising such qualities of care.

I tell you that when the driver of a vehicle knows or should [know] that children may reasonably be expected to be in, near, or adjacent to a street or highway, the driver is under a duty to anticipate the likelihood of the child running into or across the street in obedience to childish impulses and to exercise due care under these circumstances for the safety of the child or children. The law recognizes that children act upon childish impulses. There is imposed upon the motorist in order to reach the standard of care with respect to children, the duty to exercise more vigilance and caution than might be sufficient in the case of an adult.

However, a motorist is not an insurer against all accidents with a child. This is especially true when the child's presence is both unexpected and unforeseeable.

Now, a violation of one of the statutes that I mentioned to you is, if you found there to be a violation of one of those statutes, that would be, in and of itself, negligence. A violation of a statute or of one of the common law rules of the road is, itself, negligence.

■ Castor asserts that Jones's status as a minor should prevent Carter from being entitled to the charge that "a motorist on a preferred highway is entitled to assume that a vehicle approaching on a secondary highway will stop [at] the intersection unless the driver has knowledge of the absence of a stop sign or he is otherwise ... put on notice that the vehicle at the intersection is not going to stop" (the "assumption charge"). We disagree.

Carter was entitled to the assumption charge. On cross-examination, Jones testified that she and her cousin had been racing their bicycles when the accident occurred. The day before the accident, Castor warned Jones against riding her bike in the street. In fact, several people at the park had warned Jones about riding her bicycle too fast and about not stopping at the stop sign at the corner of Mercer Street and Schoolhouse Road. Upon being asked, "[W]hen you see a stop

sign, what does that mean?" Jones responded, "Stop." Given these facts, there is evidence in the record that Jones knew to stop at the stop sign, yet intentionally failed to do so. Thus, Carter was entitled to the assumption charge and the trial judge did not err in instructing the jury with it. *See Chesser v. Tyger River Pine Co.*, 155 S.C. 356, 366, 152 S.E. 646, 650 (1930) (Where there was evidence to support the respondent's legal theory of the case, "[i]t was the duty of the presiding judge, in charging the jury, to instruct them as to the law applicable to the case, not only from the theories of the appellant, but from the contentions of the respondent as well.").

As support for her argument, Castor refers us to *Herring v. Boyd*, 245 S.C. 284, 140 S.E.2d 246 (1965) and *Brown v. Smalls*, 325 S.C. 547, 481 S.E.2d 444 (Ct.App.1997). Neither of these cases requires reversal in the case at bar.

In *Herring*, our Supreme Court affirmed the trial court's refusal to charge a statute regarding the right of an individual to act upon the assumption that others will obey the law. There, the Court held that the facts of the case did not support the charge because the plaintiff was a four-year-old child and the defendant knew, or should have known, that the presence of children in the area was likely. In reaching this determination, the Court reasoned that where a motorist has notice of the presence of children in or near the line of travel, the motorist is charged with "reasonably anticipating that a child might, in obedience to childish impulses, cross the road without yielding." 245 S.C. at 294–95, 140 S.E.2d at 251. However, this reasoning assumed that a four-year-old child, pursuant to the law at that time, was incapable of contributory negligence. *See Herring*, 245 S.C. at 294, 140 S.E.2d at 251 ("We are here dealing with a four year old child who was incapable of contributory negligence."); *Chitwood v. Chitwood*, 159 S.C. 109, 112, 156 S.E. 179, 180 (1930) ("[I]t is held in this state, by analogy to the criminal law, that an infant under 7 years of age is conclusively presumed to be incapable of contributory negligence; that between the ages of 7 and 14 there is a prima facie presumption of such incapacity, which, however, may be overcome by evidence showing capacity; and, by clear implication, that an infant of the age of 14 years or over will be presumed capable of contributory negligence in

the absence of proof to the contrary." (citations omitted)). Thus, instructing the jury that the reasonableness of a defendant's conduct could be judged in light of an assumption that others will obey the law would have effectively abrogated the law's protection, at that time, of small children through modification of the contributory negligence standard.

Subsequently, in *Standard v. Shine*, 278 S.C. 337, 295 S.E.2d 786 (1982), the Supreme Court abandoned the age-based presumptions that supported the rule in *Herring*. In *Standard*, a six-year-old boy and his parents (collectively "the tenants") lived in an apartment. Their landlord sued them, alleging that the child negligently set fire to the apartment. The tenants demurred to the complaint, contending that case law presumed the son incapable of negligence. The trial court overruled the demurrer and the tenants appealed. The Supreme Court affirmed. 278 S.C. at 338, 295 S.E.2d at 786–87. It noted that there were no South Carolina cases addressing the primary, as opposed to contributory, negligence of minors. In analyzing this issue, the Court found persuasive the prevailing view that there should be no arbitrary limits as to when a child could be either contributorily or primarily negligent. *Id.* at 338–39, 295 S.E.2d at 787. The Court then eliminated the aged-based presumptions previously used in contributory negligence cases and declared,

> The capacities of children vary greatly, not only with age, but also with individuals of the same age. Therefore, no very definite statement can be made as to just what standard is to be applied to them. Of course, a child of tender years is not required to conform to an adult standard of care.... [A] minor's conduct should be judged by the standard of behavior to be expected of a child of like age, intelligence, and experience under like circumstances.

*Id.* (citations omitted).

 Under the holding in *Standard*, what specific behavior is legally expected of a minor under fourteen becomes a question of fact decided on the circumstances of each case. Even though one child of a given age may be completely incapable of acting in accordance with a given adult standard of care, another child of the same age may have sufficient maturity and knowledge such that a jury could reasonably

expect that child to act as an adult should under the same circumstances. *See Brown*, 325 S.C. at 556, 481 S.E.2d at 449. Thus, in the wake of *Standard*, where there is evidence that a minor should be expected to exhibit a certain level of care, *Herring* can no longer operate to prevent a jury, in determining the child's negligence or comparative negligence, from considering the child's failure to exercise that level of care.[1] A child under fourteen therefore may be, but is not necessarily, negligent for failure to obey an adult standard of care.

In *Brown*, a three-year-old child, while crossing the street, was hit by a motorist. The child, through his Guardian ad Litem, sued the motorist for injuries incurred in the accident. The motorist generally denied the allegations and asserted comparative negligence as an affirmative defense. 325 S.C. at 549, 481 S.E.2d at 446. The Guardian ad Litem appealed the jury's verdict holding the child 75% negligent and the motorist 25% negligent and asserted that the judge's charge on the standard of care applicable to minors was erroneous. *Id.* at 549, 553, 481 S.E.2d at 446–47. The trial judge had charged the jury that "[a] child below the age of fourteen is held to the standard of a reasonable child his same age." *Id.* at 554, 481 S.E.2d at 448. On appeal, this Court held the judge's instruction was contrary to the Supreme Court's holding in *Standard* because the instruction did not take into account the potential for variance of intelligence and experience within a single age group and was erroneous. *See* 325 S.C. at 554, 560, 481 S.E.2d at 448, 451. Unlike the trial judge in *Brown*, the trial judge in the instant case did not give an erroneous instruction as to arbitrary age presumptions. Rather, the judge instruct-

---

1. Even if, under *Herring*, the trial judge should not have given the assumption charge, this error would not require reversal. After giving the charge suggested in *Brown*, the judge explained to the jury that, when a driver is traveling in an area where children may be reasonably expected to be playing, the driver is under a duty "to anticipate the likelihood of the child running into or across the street in obedience to childish impulses and to exercise due care under these circumstances for the safety of the child or children." Hence, any error was appropriately mitigated and the judge's instructions were reasonably free from error. *See Bragg v. Hi–Ranger, Inc.*, 319 S.C. 531, 547, 462 S.E.2d 321, 330 (Ct.App.1995) ("If, as a whole, the charges are reasonably free from error, isolated portions which might be misleading do not constitute reversible error.").

ed the jury by using the language suggested in *Brown*.[2] Thus, *Brown* does not require reversal in the case at bar.

■ Castor also asserts that the trial judge failed to adequately distinguish between the standard of care applicable to adults and the standard of care applicable to children under the age of fourteen. Specifically, Castor claims that the trial judge improperly charged that Jones's actions were to be judged by an adult standard of care. We disagree.

In our view, the trial judge's charge to the jury, when read as a whole, sufficiently explains the differences between the standards of care applicable to adults and the standards applicable to children. Immediately after finishing his explanation of the adult standards of care, the trial judge expressly brought the jury's attention to the different standard of care for children. The judge then instructed the jury on this standard, using the language suggested in *Brown*. Thus, we conclude that the judge's instructions were reasonably free from error.

For the foregoing reasons, the decision of the trial court is

**AFFIRMED.**

GOOLSBY and CONNOR, JJ., concur.

---

**2.** In *Brown*, 325 S.C. at 556, 481 S.E.2d at 449, we suggested, and in the case at bar continue to suggest, that trial judges use the following charge in cases involving the negligence or comparative negligence of minors under the age of fourteen:

A child under the age of fourteen is not required to conform to an adult standard of care. A minor's conduct should be judged by the standard of behavior to be expected of a child of like age, intelligence, and experience under like circumstances. A child may be so young as to be manifestly and utterly incapable of exercising any of those qualities of attention, perception, knowledge, experience, intelligence, and judgment which are necessary to enable the child to perceive a risk and to realize its unreasonable character. On the other hand, it is obvious that a minor who has not attained majority may be quite as capable as an adult of exercising such qualities.