Janis **WILLIAMS,** Individually and as Next Friend of Shannon Williams, a Minor, Appellants,

v.

Jayson **LAVENDER,** Appellee.

No. 2–89–274–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 19, 1990.

Joe E. Shaddock & Associates, Joe E. Shaddock and Versel Wall, Wichita Falls, for appellants.

Sherrill & Pace, Roy T. Sparkman and Hal R. Ray, Jr., Wichita Falls, for appellee.

Before FARRIS and MEYERS, JJ., and ASHWORTH (Retired) (sitting by assignment).

## OPINION

FARRIS, Justice.

Janis Williams brings a limited appeal contending the trial court erred in refusing to award the exemplary damages found by the jury. Appellee, Lavender, also appeals contending the trial court erred in: awarding damages for physical pain and mental anguish because the evidence was insufficient to support the jury's finding; (2) refusing to instruct the jury as to consent, and (3) refusing to allow testimony which was permissible impeachment.

We sustain Williams' point of error, and overrule Lavender's points of error.

Williams brought suit against Lavender because of damages sustained by Williams when Lavender assaulted him during a track meet. Lavender, who was fourteen years old at the time, broke Williams' nose and a tooth.

The jury found that Lavender maliciously assaulted Williams and awarded $8,000 for past physical pain and mental anguish, $1,000 for future physical pain and mental anguish, and $8,100 in exemplary damages. The trial court granted Lavender's motion to disregard and the motion for judgment notwithstanding the verdict as to the exemplary damages because it held that as a matter of law a fourteen-year-old is incapable of the requisite malicious intent necessary to sustain an award of exemplary damages. While the general rule in Texas is that minors are severally liable for their own torts, *see Brown v. Dellinger*, 355 S.W.2d 742, 746 (Tex.Civ.App.—Texarkana 1962, writ ref'd n.r.e.), Texas courts have never addressed the question of whether a minor is capable of the malicious intent necessary to sustain a civil award of exemplary damages, but there is a statute which recognizes that minors are capable of such conduct.

■ The Texas Family Code, section 33.01, provides that a parent or other person who has the duty of control and reasonable discipline of a child is liable for any property damage proximately caused by the willful and malicious conduct of a child who is at least twelve years of age but under eighteen years of age. While Lavender is correct that the purpose of the statute is to protect and compensate property owners from the willful and malicious destruction of their property by minors, *Buie v. Longspaugh*, 598 S.W.2d 673, 675 (Tex.Civ.App. —Fort Worth 1980, writ ref'd n.r.e.), still, the statute expressly recognizes that a child between the ages of twelve and eighteen is capable of willful and malicious conduct. *See* TEX.FAM.CODE ANN. sec. 33.01 (Vernon 1986). Therefore, it cannot be said that as a matter of law a minor who is fourteen years old cannot form the necessary malicious intent to warrant recovery of exemplary damages.

We hold that a child fourteen years of age is capable of willful and malicious conduct with regard to assault. We sustain Williams' point of error and reverse the judgment of the trial court insofar as it disregards the award of exemplary damages to Williams and order that judgment be rendered awarding exemplary damages found by the jury.

■ Lavender argues in his first two points of error that the trial court erred in overruling his motion for judgment notwithstanding the verdict, his motion to disregard the findings, and his motion for new trial because there was no evidence or insufficient evidence to support the jury's award of damages for future physical pain and mental anguish. Lavender contends there was no medical evidence presented during the trial describing any continued physical problems resulting from Williams' injuries, but, in the alternative, there was testimony from Williams and his mother that he had recovered at the time of trial. On the other hand, Williams argues there was testimony that the broken tooth had not been repaired and that Williams gets head rushes while wrestling with his cousin which ultimately result in headaches.

In a no evidence point of error, this court must consider only the evidence and inferences supporting a jury finding. *Larson v. Cook Consultants, Inc.*, 690 S.W.2d 567 (Tex.1985). The court must look to all of the evidence and decide if the verdict is manifestly improper and against the great weight and preponderance of the evidence with an insufficient evidence point. *Dyson v. Olin Corp.*, 692 S.W.2d 456, 457 (Tex.1985). Although the damages awarded by the jury for future pain and suffering are greater than some of the evidence might indicate, they are not against the great weight and preponderance of the evidence. *See City of Houston v. Holden*, 336 S.W.2d 193, 196–97 (Tex.Civ. App.—Eastland 1960, writ ref'd n.r.e.). Lavender's first two points of error are overruled.

In his third and fourth points of error, Lavender contends the trial court erred in refusing to give the jury a requested instruction regarding consent. Because a requested instruction on provocation was submitted to the jury, we overrule his third and fourth points of error.

In his fifth point of error, Lavender argues the trial court erred in denying his motion for new trial because there was incurable jury argument. Lavender contends the counsel for Williams argued outside the record, made improper personal attacks against the former counsel for Lavender, and engaged in prejudicial argument concerning the involvement of the Wichita Falls Independent School District in the case.

To obtain reversal of a judgment on the basis of improper jury argument, an appellant must initially show the following: the improper argument; that such argument was neither invited nor provoked; preservation of the error by the proper trial predicate; incurability of the error by instruction, withdrawal of the statement, or a reprimand by the trial judge. *Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835, 839–40 (Tex.1979). Further, it must be shown that the argument by its nature, degree and extent constituted reversibly harmful error. *Id.* In making this determination, the reviewing court may properly inquire into the duration of the argument, whether it was repeated or abandoned, and whether there was cumulative error. *Id.* All of the evidence must be closely examined to determine the argument's probable effect, if any, on a material finding in the case. *Id.* at 840.

Reversal of the judgment will follow where, after evaluation of the whole case, from voir dire to jury argument, it is shown that the probability that the improper argument caused harm is greater than the probability that the verdict was grounded on the proper proceedings and evidence. *Id.; Ford Motor Co. v. Nowak*, 638 S.W.2d 582, 597 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.); TEX.R.APP.P. 81(b)(1).

Improper jury argument is either incurable or curable. Incurable jury argument occurs when it is so inflammatory that its harmful nature cannot be cured by an instruction to disregard. In such cases, failure to object does not constitute waiver. *See Otis Elevator Co. v. Wood*, 436 S.W.2d 324, 333 (Tex.1968). Since Lavender did not object to the jury argument he contends is improper, we must find that the argument was incurable in order for his failure to object not to constitute waiver. The test of improper jury argument is whether a juror of ordinary intelligence could have been persuaded by the argument to agree with a verdict contrary to that to which he would have agreed but for such argument. *See Gannett Outdoor Co. v. Kubeczka*, 710 S.W.2d 79, 87 (Tex.App.— Houston [14th Dist.] 1986, no writ).

Lavender does not claim to have made a proper objection at trial to the arguments he contends were improper, but argues that the argument was incurable. The argument Lavender complains of was as follows:

> I noticed Mr. Sparkman is here, President of the School Board, and his partner is trying the suit here. These folks are up here trying to evade responsibility, trying to help Jayson get out of it.

Williams argues that Mr. Sparkman's status as school board president and coun-

sel of record for Lavender was presented to the jury on voir dire and the argument cannot be incurable if it merely informs the jury of something it already knew since no prejudice can be shown. *Dallas County v. Romans,* 563 S.W.2d 827, 831 (Tex.Civ. App.—Tyler 1978, no writ).

After evaluation of the record before us, we cannot say that the probability that the alleged improper argument caused harm is greater than the probability that the verdict was grounded on the proper proceedings and evidence. Nor can we say that a juror of ordinary intelligence could have been persuaded by that argument to agree to a verdict contrary to that to which he would have agreed but for such argument. By failing to object and press for an instruction at the time of argument, Lavender has waived his complaint on appeal. We overrule his fifth point of error.

In his last point of error, Lavender argues the trial court erred in sustaining Williams' objection to the introduction of evidence that Janis Williams' husband had previously worked for Lavender's father and had been involved in an employment dispute with him. Lavender sought to present this testimony to the jury for im-peachment purposes and to demonstrate that the Williamses should not recover exemplary damages because they were motivated, at least in part, out of vindictiveness and prior bad feelings.

From the record it is evident that the jury awarded exemplary damages against Jayson Lavender and on behalf of Shannon Williams and such award was not predicated on any actions of Janis Williams, her husband, or Lavender's father. Therefore, the evidence was irrelevant and the trial court did not err in sustaining the objection and we overrule Lavender's sixth point of error. *See* TEX.R.CIV.EVID. 401.

The judgment of the trial court is reversed and we render judgment in favor of Williams for exemplary damages in the amount of $8,100 plus post-judgment interest from October 20, 1989. The judgment is affirmed in all other respects.