**Erica BAILEY, Appellant,**

v.

**C.S., A Minor, Appellee.**

**No. 05–96–01865–CV.**

Court of Appeals of Texas, Dallas.

Feb. 9, 2000.

B.F. Summers, Law Offices of B.F. Summers, P.C., Cedar Hill, J. Stephen Muncey, Dallas, for Appellant.

Margaret Paige Blackmon, Paul B. Van Ness & Associates, Dallas, for Appellee.

Before Justices LAGARDE, OVARD, and JAMES.

## OPINION

Opinion By Justice OVARD.

Our prior opinion, issued December 14, 1999, is withdrawn and substituted with this opinion. In this personal injury suit, Erica Bailey appeals from a summary judgment granted in favor of C.S. In four points of error, appellant contends the trial court erred in rendering summary judgment because: (1) issues of intent were involved which could not be readily controverted; (2) minors in Texas can be held civilly liable for their intentional torts; (3) regarding intent to commit a battery, C.S. failed to meet his summary judgment burden and failed to controvert appellant's summary judgment evidence; and (4) appellant presented evidence sufficient to create a fact issue on her damages. For the reasons stated below, we reverse the trial court's judgment and remand the cause to the trial court for further proceedings consistent with this opinion.

### Factual and Procedural Background

On April 16, 1994, appellant was babysitting the two minor children of T.S. and M.S. in their Carrollton home. That evening, appellant was approached by C.S., then four years old, about playing a game. Appellant told him she would play with him soon. Shortly thereafter, as appellant helped the other child with his dinner, C.S. became angry, ran up behind appellant, and unexpectedly struck her in the throat. Appellant sustained injuries including loss/impairment of her voice for a period of three to four months as well as a crushed larynx which required speech therapy.

Appellant filed suit against T.S., M.S., and C.S. alleging C.S.'s actions were intentional and constituted a battery. The defendants moved for summary judgment on the claims against C.S. on the grounds that C.S., at age four, was incapable of negligent[1] or intentional conduct as a matter of law and that appellant failed to prove she suffered any damages. The trial court, without specifying a ground, granted the summary judgment on all claims made against C.S.[2]

### Summary Judgment

The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex. 1985); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972); TEX. R. CIV. P. 166a(c). A defendant moving for summary judgment must either (1) disprove at least one element of the plaintiff's theory of recovery or (2) plead and conclusively establish each essential element of an affirmative defense. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 679 (Tex. 1979); *Zep Mfg. Co. v. Harthcock*, 824 S.W.2d 654, 657 (Tex.App.-Dallas 1992, no writ). In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the nonmovant. *See Nixon*, 690 S.W.2d at 549; *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). Every reasonable inference from the evidence will be indulged in favor of the nonmovant, and any doubts will be resolved in favor of the nonmovant. *See Nixon*, 690 S.W.2d at 549; *Montgomery*, 669 S.W.2d at 311.

---

1. Appellant claims her only cause of action was battery. Therefore, we do not address whether C.S. was capable of negligence.

2. A take-nothing judgment was later rendered against appellant on her claims against T.S. and M..S.

The standard for reviewing a summary judgment on appeal is not whether the summary judgment proof raises a fact issue, but whether the summary judgment proof establishes as a matter of law there is no genuine fact issue as to one or more of the essential elements of the plaintiff's cause of action. *See Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The usual presumption that the judgment is correct does not apply to summary judgments. *See Montgomery*, 669 S.W.2d at 311. An appellate court will rarely consider evidence that favors the movant's position unless it is uncontroverted. *See Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply*, 391 S.W.2d 41, 47 (Tex.1965). Evidence that tends to support the position of the party opposing the motion is accepted as true. *See id.* In addition, when there are multiple grounds asserted for summary judgment and the order is silent as to the ground upon which summary judgment was granted, the appealing party must negate all grounds on appeal. *See State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993).

### Liability of Minors

In appellant's third point of error, she claims C.S. failed to establish he lacked intent to commit a battery as a matter of law. A person commits a battery if he intentionally or knowingly causes physical contact with another when he knows or should reasonably believe the other person will regard the contact as offensive or provocative. *See Childers v. A.S.*, 909 S.W.2d 282, 292–93 (Tex.App.-Fort Worth 1995, no writ); Tex. Pen.Code Ann. § 22.01(a)(3) (Vernon 1994). C.S. argues he was incapable of the required intent because he was only four-years-old at the time of the incident, but appellant contends minority alone is insufficient to establish C.S. lacked intent as a matter of law. We agree with appellant.

C.S.'s only evidence to support his claim that he was incapable of the intent required for battery is his age. However, several jurisdictions have held minors liable for intentional torts. *See, e.g., Ellis v. D'Angelo*, 116 Cal.App.2d 310, 253 P.2d 675, 677 (1953) (four year old is not incapable of the intent required for battery); *Jorgensen v. Nudelman*, 45 Ill.App.2d 350, 195 N.E.2d 422, 424 (1963) (six year old may have capacity to intend injurious act); *T.Z. Standard v. Shine*, 278 S.C. 337, 295 S.E.2d 786, 788 (1982) (minors of any age can be held liable for intentional torts); *Garratt v. Dailey*, 46 Wash.2d 197, 279 P.2d 1091, 1094 (1955) (five year old could be liable for battery). In addition, two Texas cases hold that minors of "tender years" can be civilly liable for their torts. *See Childers*, 909 S.W.2d at 292; *Brown v. Dellinger*, 355 S.W.2d 742, 746 (Tex.Civ. App.-Texarkana 1971, writ ref'd n.r.e.) (seven and eight year olds are capable of being held civilly liable for their intentional torts). In *Childers*, the Fort Worth Court of Appeals reversed a summary judgment in favor of the minor defendant stating that, as a general rule, minors are civilly liable for their own torts. *See Childers*, 909 S.W.2d at 292. Therefore, C.S.'s minority, standing alone, is insufficient to establish as a matter of law that he lacked the requisite intent to commit a battery.

C.S. relies heavily on *Williams v. Lavender*, 797 S.W.2d 410 (Tex.App.-Fort Worth 1990, no writ), to support his argument that he cannot be liable for intentional torts. In *Williams*, the Fort Worth court stated that to be liable for willful and malicious conduct, a child must be at least twelve years old. *See id.* at 412. From this case, C.S. reasons that a child under twelve years of age is not capable as a matter of law of intentional or knowing conduct; therefore, C.S., at age four, could not be liable for an intentional tort. We conclude this is not the correct interpretation of *Williams. See id.*

*Williams* addressed whether a minor could form the malicious intent to sustain an award of exemplary damages. *See id.* As *Williams* recognizes, the legislature set a minimum age limit for willful and malicious conduct only, not intentional

torts. We conclude there is currently no specific age at which minors are immune from liability for intentional torts as a matter of law. C.S. failed to meet his burden of proof, and the trial court erred in rendering summary judgment. We sustain appellant's third point of error.

Appellant additionally argues in her first and second points of error that the trial court erred in rendering summary judgment on the issue of intent because intent cannot be readily controverted and minors in Texas are liable for their intentional torts. However, we need not address these points because we have already determined the trial court erred in granting summary judgment on the issue of C.S.'s intent.

### Damages

In appellant's fourth point of error, she argues the trial court erred in granting summary judgment for C.S. on the issue of damages. C.S., in his motion for summary judgment, argued that he was entitled to summary judgment because appellant had not produced any evidence of injury despite adequate time for discovery. However, this motion was filed in April of 1996, well before the Supreme Court amended rule 166a to permit no evidence summary judgments. C.S.'s burden was to conclusively establish appellant did not suffer injury, and this burden was not satisfied by showing appellant lacked evidence to support an element of her cause of action. *See Wochner v. Johnson,* 875 S.W.2d 470, 473 (Tex. App–Waco 1994, no writ); *State v. Seventeen Thousand and No/100 Dollars U.S. Currency,* 809 S.W.2d 637, 640 (Tex.App.-Corpus Christi 1991, no writ); *Christensen v. Sherwood Ins. Serv.,* 758 S.W.2d 801, 804 (Tex.App.-Texarkana 1988, writ denied). Therefore, we sustain appellant's fourth point of error.

We reverse the trial court's judgment and remand for further proceedings.