

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00043-CV

_____

IN RE: THE COMMITMENT OF LEON DEMARCUS CAIN

On Appeal from Criminal District Court No. 3
Tarrant County, Texas
Trial Court No. CDC3-S-13431-17

Before Sudderth, C.J.; Gabriel and Pittman, JJ.
Memorandum Opinion by Justice Pittman

**MEMORANDUM OPINION**

Appellant Leon Demarcus Cain appeals from the trial court's judgment ordering him to be civilly committed as a sexually violent predator (SVP). *See* Tex. Health & Safety Code Ann. § 841.003 (West 2017). On appeal, Cain does not challenge the sufficiency of the evidence to support the finding that he is an SVP. In two issues, he complains of the trial court's admission of the State's experts' "basis" testimony under Texas Rule of Evidence 705(d) and of the trial court's failure to provide a separate limiting instruction for one of the State's expert's basis testimony. We affirm.

## BACKGROUND

Cain has two convictions for sexual offenses, both of which were for aggravated sexual assault of a child under 14 and were committed on the same day in 2005 against two different complainants—B., age 9, and C., age 8.

Both of the State's experts—Dr. Darrel Turner, a psychologist with a specialty in forensic psychology, and Dr. Michael Arambula, a psychiatrist—told the jury about the records they reviewed in forming an opinion of whether Cain suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See id.* (defining "sexually violent predator"). When asked about what in those records they reviewed and relied upon in forming their opinions, Cain asserted both a hearsay objection and an objection under Rule 705(d) that the prejudicial effect of the testimony outweighed its probative value. *See* Tex. R. Evid. 705(d). He argued

2

that "presenting these facts to the jury causes the jury to do analysis whether these facts are in fact true. And in order to conclude that this expert's opinion is correct, they have to conclude that the underlying facts are as well." The trial court overruled the objections as to both witnesses but granted Cain a running objection as to both. Before allowing Dr. Turner's basis testimony, the trial court defined hearsay for the jury and instructed the jury that the hearsay in the expert's opinion was admitted only to show the basis of the expert's opinion.

When the trial court overruled his objection to Dr. Arambula's basis testimony, Cain asked the trial court to repeat to the jury the hearsay instruction it had given during Dr. Turner's testimony and to grant Cain a running objection under Rule 705(d). The trial court declined to instruct the jury again. Both Dr. Turner and Dr. Arambula opined that Cain had a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence.

Dr. John Matthew Fabian, a forensic psychologist and neuropsychologist, testified for Cain. He disagreed with the State's experts that Cain is likely to offend again. Dr. Fabian also testified about information from records regarding Cain's sex offense history that formed the basis of his opinion.

In closing arguments, the State suggested that some of this basis testimony was evidence that Cain is an SVP, referencing some of that testimony and stating,

"[T]here's some troubling evidence here."[1] The State further told the jury, "You heard something about hearsay. There's an . . . instruction that will be in your jury instructions. Something that may be hearsay but still may be perfectly reliable."

The jury found that Cain is an SVP, and the trial court accordingly ordered him civilly committed.

## STANDARD OF REVIEW

A trial court's rulings in admitting or excluding evidence are reviewable under an abuse of discretion standard. *Gharda USA, Inc. v. Control Sols., Inc.*, 464 S.W.3d 338, 347 (Tex. 2015). An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis in the record for the ruling. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). A trial court abuses its discretion if the court acts without reference to any guiding rules or principles, that is, if the act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

---

[1] The State's argument thus mischaracterized the basis testimony, which was not substantive evidence of Cain's status as an SVP. Cain did not object to this argument and does not argue on appeal that the argument was incurable. *See Williams v. Lavender*, 797 S.W.2d 410, 414 (Tex. App.—Fort Worth 1990, writ denied) (holding that by failing to object to an allegedly improper argument, party waived complaint on appeal). However, we caution that while Rule 705(d) allows basis testimony in SVP proceedings, a party may not use basis testimony as a back door to admit otherwise inadmissible evidence that the party then relies on for its truth to meet its burden of proof, and doing so may constitute harmful error. *See* Tex. R. Evid. 705; *Reliance Steel & Aluminum Co. v. Sevcik*, 267 S.W.3d 867, 874 (Tex. 2008).

4

## DISCUSSION

### I. The Trial Court's Admission of the Basis Testimony Was Not Reversible Error.

In his first issue, Cain argues that the trial court erred in admitting the basis testimony of both Dr. Turner and Dr. Arambula.

### A. Probative Basis Testimony is Permitted by Rule 705(d).

Under Texas Rule of Evidence 705, "an expert in a SVP Act civil commitment proceeding may disclose the underlying facts or data upon which the expert bases his or her opinion if it is of a type of information relied on by experts in the field when forming opinions on the subject." *In re Commitment of Barrientos*, No. 01-17-00649-CV, 2018 WL 3384563, at *4–5 (Tex. App.—Houston [1st Dist.] July 12, 2018, pet. filed) (mem. op.). Rule 705(d) provides,

> If the underlying facts or data would otherwise be inadmissible, the proponent of the opinion may not disclose them to the jury if their probative value in helping the jury evaluate the opinion is outweighed by their prejudicial effect. If the court allows the proponent to disclose those facts or data the court must, upon timely request, restrict the evidence to its proper scope and instruct the jury accordingly.

Tex. R. Evid. 705(d). Under this rule, the trial court could not admit the objected-to basis testimony if it was otherwise inadmissible and the value in helping the jury evaluate the experts' conclusions was outweighed by the danger that the jury would use the testimony as substantive evidence—either to show that Cain has the requisite behavioral abnormality or for some other purpose other than to evaluate the expert

5

opinions. *See Davis v. State*, 268 S.W.3d 683, 701 (Tex. App.—Fort Worth 2008, pet. ref'd).

**B.** **Cain Failed to Show that the Probative Value of the Basis Testimony in this Case Was Outweighed by its Prejudicial Effect.**

Cain argues that the trial court must conduct a probative-versus-prejudice balancing test before admitting basis testimony and that, because the prejudicial value of the basis testimony outweighed its probative value, the trial court should have excluded it. He further argues that because even with a limiting instruction, the jury would have considered the basis testimony for its truth, its admission was harmful.

Cain's argument for why the probative value does not outweigh the testimony's prejudice is that the State had other "not-so-inflammatory" evidence it could have used "to show that the state-experts had a basis for saying that Mr. Cain had a behavioral abnormality." *See Valle v. State*, 109 S.W.3d 500, 506 (Tex. Crim. App. 2003) (holding that, given other evidence at trial, the appellant did not need to present the objected-to basis testimony to show the jury what the expert relied on for its opinion). However, Cain does not tell us what other evidence the State had to help the jury evaluate the expert opinions of Dr. Turner and Dr. Arambula.[2] Cain and the

---

[2]We also note that Cain did not tell us what part of the basis testimony was so prejudicial that it had to be excluded under Rule 705. Further, some of the basis testimony was not hearsay, and Cain does not tell us why the evidence was otherwise inadmissible so as to be subjected to the balancing required by Rule 705(d). Without knowing what evidence Cain contends was too prejudicial and what other evidence he contends the State had available to show the basis of the experts' opinions, it is

6

State each presented testimony from experts who reached different conclusions about whether Cain had the requisite behavioral abnormality. It was therefore useful to the jury to have an explanation for the basis of those opinions in order to evaluate them. "Having each expert to explain which facts were considered and how those facts influenced his evaluation assisted the jury in weighing each expert's testimony and the opinion each offered regarding the ultimate issue in the case." *In re Commitment of Day*, 342 S.W.3d 193, 199 (Tex. App.—Beaumont 2011, pet. denied).

Further, Cain does not argue that the evidence was insufficient to find that he is an SVP unless the jury considered the basis testimony for its truth, and Cain points to nothing in the record to indicate that the jury did not follow the trial court's limiting instruction. *See* Tex. R. App. P. 44.1. While we understand Cain's concerns,[3] the Texas Supreme Court has directed us that we must presume that the jury followed the instruction. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 771 (Tex. 2003) (stating that unless the record demonstrates otherwise, an appellate court must

---

difficult to conclude that the trial court erred in its probative-versus-prejudicial balancing.

[3] *See, e.g.*, *Williams v. Illinois*, 567 U.S. 50, 126–27, 132 S. Ct. 2221, 2268–69 (2012) (Kagan, J., dissenting, joined by Scalia, Ginsburg, and Sotomayor, JJ.) (noting that when a witness repeats an out-of-court statement as the basis for a conclusion, "the statement's utility is then dependent on its truth," and "to determine the validity of the witness's conclusion, the factfinder must assess the truth of the out-of-court statement on which it relies," thus "the principal modern treatise on evidence variously calls the idea that such 'basis evidence' comes in not for its truth . . . 'factually implausible,' 'nonsense,' and 'sheer fiction'" (citation omitted)).

presume that the jury followed the trial court's instructions). We overrule Cain's first issue.

## II.   The Trial Court's Failure in Giving a Second Limiting Instruction Was Not Reversible Error in this Case.

In his second issue, Cain argues that the trial court erred in not again providing a limiting instruction with Dr. Arambula's testimony after providing one with Dr. Turner's testimony.

Cain cites *Rankin v. State* to argue that the timing of a limiting instruction matters. *Rankin* held that a trial court may not wait until the jury charge to give a limiting instruction under Texas Rule of Evidence 105. 974 S.W.2d 707, 712 (Tex. Crim. App. 1996), *opinion withdrawn in part on reconsideration*, (stating that "[i]f limiting instructions impede the improper use of evidence, then an instruction given when the evidence is admitted limits that evidence to its proper scope immediately" and that "[a]n instruction given for the first time during the jury charge necessarily leaves a window of time in which the jury can contemplate the evidence in an inappropriate manner"). *Rankin* notes that "the possibility exists that, unless we instruct the jury on evidence concurrently with its admittance, jurors may, unbeknownst to us, use that evidence improperly by forming an indelible perception of the defendant that will work unfairly to his inevitable detriment" and that "[s]ince limiting instructions operate most effectively when given simultaneously with the relevant evidence, it would not do to grant trial courts 'discretion' to deliver those instructions, after they

had been properly requested, at a less opportune time." *Id.*; *cf. Hammock v. State*, 46 S.W.3d 889, 894 (Tex. Crim. App. 2001) ("If the jury is required to consider evidence in a limited manner, then it must do so from the moment the evidence is admitted.").

But, here, the trial court did not wait until the jury charge to provide a limiting instruction; the trial court provided a limiting instruction at the time of Dr. Turner's testimony. The question is whether that limiting instruction, once given, had to be repeated for the same type of testimony from Dr. Arambula—whether the absence of a second instruction allowed the jury to contemplate his basis testimony as substantive evidence of a behavioral abnormality. We hold that, in this case, the failure to give a second instruction was not reversible error.

The trial court provided the following instruction to the jury at the time of Dr. Turner's testimony:

> Hearsay is a statement other than one made by the declarant while testifying at the current trial or hearing offered in evidence to prove the truth of the matter asserted in the statement. Certain hearsay information contained in records reviewed by the **expert** witness—**witnesses** will be admitted before you through expert testimony. Such hearsay is admitted only for the purpose of showing the basis of the expert's opinion and cannot be considered as evidence to prove the truth of the matter asserted in the statement.[4] [Emphasis added.]

---

[4] At trial Cain's attorney requested that the trial court instead give "our instruction" that he stated was different from the one the trial court proposed to use. He did not specify for the record what that instruction was, and he does not argue on appeal that the instruction given by the trial court was incorrect.

9

Importantly, the trial court used the word "witnesses," plural. With this instruction, the trial court told the jury that the instruction applied to not just Dr. Turner's testimony about information contained in the records he reviewed, but to the other testifying expert witnesses' basis testimony as well. Thus, the jury was instructed to limit its consideration of Dr. Arambula's testimony prior to his testimony. Presuming, as we must, that the jury followed that instruction, the jury had no window in which to consider Dr. Arambula's basis testimony for any purpose other than to evaluate his opinion. We therefore overrule Cain's second issue.

## CONCLUSION

Having overruled Cain's two issues, we affirm.

/s/ Mark T. Pittman
Mark T. Pittman
Justice

Delivered: November 15, 2018

10